**UNITED STATES of America,
Plaintiff,**

**v.**

**E. Frank ALLBRITTEN, d/b/a Frank Allbritten Motors, Inc. and d/b/a K–Mo Parts, Inc., Defendant.**

**No. KC–1663.**

United States District Court
D. Kansas.

March 20, 1963.

Newell A. George, U. S. Atty., Topeka, Kan., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., for plaintiff.

Roy Cook, Kansas City, Kan., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

In this action, the United States seeks to recover from E. Frank Allbritten, an officer of Frank Allbritten Motors, Inc. and K-Mo Parts, Inc., the amount of income taxes and social security taxes withheld from wages of employees of the two corporations but not paid over to the United States. The action is predicated on 26 U.S.C.A. § 6672, Int.Rev.Code of

---

1954, and 26 U.S.C.A. § 2707, Int.Rev. Code of 1939. Section 6672, applicable to periods beginning in 1955, imposes a penalty of 100 per cent upon:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax * * *."

Section 2707(a) is applicable to periods prior to 1955 and is substantially similar to § 6672.

Trial was had to the court without a jury. At the close of the plaintiff's evidence the defendant moved the court for judgment, claiming as one of the grounds that this action was barred by the statute of limitations. The court reserved its ruling on the motion as to this question and it was taken under advisement, with briefs to be submitted.

■ It is undisputed that the statutes of limitations applicable are 26 U.S.C.A. § 3312, Int.Rev.Code of 1939 and 26 U.S.C.A. § 6502, Int.Rev.Code of 1954, both of which require an action to reduce an assessment to judgment to be commenced within six years of the date of the assessment. The "date of assessment" refers to the date of the 100 per cent penalty assessment against the individual officer, not the date of the assessment of the tax against the corporation. Bloom v. United States, 272 F.2d 215 (9th Cir., 1959), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960). The 100 per cent penalty "shall be assessed and collected in the same manner as taxes." 26 U.S.C. § 6671(a), Int.Rev.Code of 1954. Assessments of taxes are made by "recording the liability of the taxpayer in the office of the Secretary or his delegate * * *." 26 U.S.C.A. § 6203, Int.Rev. Code of 1954. An assessment is the administrative determination of the tax liability of the taxpayer. Pipola v. Chicco, 169 F.Supp. 229 (S.D.N.Y.1959).

■ In this case, the assessment date of the penalty assessment is reflected by the "assessment certificates" executed by the assessing officer of the Internal Revenue Service. As to the penalty for taxes not paid by Frank Allbritten Motors, Inc., the date of assessment is January 16, 1956; as to K-Mo Parts, Inc., the date is February 24, 1956. This action was commenced on January 15, 1962, or one day before the six-year period of the statute of limitations would have run. Since the action was filed within six years after the assessments against the defendant, it was timely commenced.

The defendant's motion for judgment will be denied.

Counsel will submit an appropriate order.